IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL JOHNSON,             )
                             )
         Plaintiff,          )
                             )
    v.                       )      1:09CV954
                             )
CITY OF DURHAM, et al.,      )
                             )
         Defendants.         )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court for a recommended ruling on Defendants' Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Entry 5). (See Docket Entry dated Apr. 17, 2010; see also Fed. R. Civ. P. 72(b)(1).) In addition, the Court must address the related matters of Plaintiff's Motion to Strike Motion to Dismiss (Docket Entry 9), Plaintiff's Motion to Amend Complaint (Docket Entry 10), and Plaintiff's Motion for Supplemental Complaint (Docket Entry 11). (See Docket Entry dated Apr. 17, 2010.) Finally, Plaintiff also has filed a Demand Letter for Settlement (Docket Entry 14). For the reasons that follow, the Court will allow Plaintiff's Motion to Amend Complaint and, as a result, will deny Plaintiff's Motion to Strike Motion to Dismiss and Plaintiff's Motion for Supplemental Complaint as moot and will recommend that Defendants' Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6) be denied without prejudice to re-submission after Plaintiff has an opportunity to file his Amended Complaint. Finally, to the extent necessary, the Court will deny Plaintiff's Demand Letter for Settlement.

BACKGROUND

Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983, on December 15, 2009. (Docket Entry 1.) The Complaint lacks coherence, but appears to seek injunctive relief and monetary damages from Defendant City of Durham and numerous city officials for allegedly violating unspecified rights of Plaintiff in connection with the enforcement of housing and/or building codes from June through December 2009. (See id. at 2-17.)[1] On January 6, 2010, Defendants filed a Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6), along with a supporting brief. (Docket Entries 5, 6.) In support of their motion, Defendants properly pointed out numerous deficiencies in the form of Plaintiff's Complaint (see Docket Entry 6 at 2) and identified several substantive defects in said pleading (see id. at 5-8).

On January 27, 2010, Plaintiff filed a Motion to Strike Motion to Dismiss (Docket Entry 9) and a Motion to Amend Complaint (Docket Entry 10). In essence, Plaintiff's Motion to Strike Motion to Dismiss represents his response in opposition to Defendants' Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6); specifically, Plaintiff asserts that he "answered" Defendants' dismissal motion by filing his Motion to Amend Complaint and that he "stated . . . 4th and 5th Amendment violations . . . in [his] Amended Complaint." (Docket Entry 9 at 2 (standard capitalization

---

[1] By Order dated February 22, 2010, the Court, per Chief Judge James A. Beaty, Jr., denied preliminary injunctive relief because, inter alia, "it does not appear that Plaintiff has stated any viable claim for a violation of his federal statutory or constitutional rights." (Docket Entry 15 at 3.)

-2-

conventions used in lieu of original all-capitals style).) In his Motion to Amend Complaint, Plaintiff appears to attempt to match certain factual allegations to legal causes of action, but does not set forth anything approaching a recognizable complaint. (See Docket Entry 10 at 2-10.) It also apparently incorporates affidavits. (See id. at 11-14.) In addition, on February 5, 2010, Plaintiff filed a Motion for Supplemental Complaint in which he described an incident that allegedly occurred on January 29, 2010. (Docket Entry 11.) On February 23, 2010, Plaintiff filed a "Supplemental Complaint" in which he sets out allegations about events on February 19, 2010. (Docket Entry 17.)

Defendants have consented to Plaintiff filing an amended complaint in light of the terms of Federal Rule of Civil Procedure 15(a)(1) (see Docket Entry 16 at 1); however, Defendants have asserted that the material in Plaintiff's post-Complaint filings still fails to state a claim within the meaning of Federal Rule of Civil Procedure 12(b)(6) (see id. at 2; Docket Entry 19 at 2-4).

As a final matter, on February 17, 2010, Plaintiff filed a Demand Letter for Settlement (Docket Entry 14), to which Defendants thereafter responded (Docket Entry 20).

## DISCUSSION

"A party may amend its [complaint] once as a matter of course within . . . 21 days after service of [an answer] or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). As set forth above, Plaintiff filed his Motion to Amend Complaint less than 21 days after

Defendants filed their Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, at that time, Plaintiff had the right to amend his Complaint without leave of court and without regard to possible futility. See generally Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. . . . Therefore, the district court abused its discretion in preventing [the plaintiff's] amendment as of right, and we reverse the district court on that ground."). Under these circumstances, the Court will permit Plaintiff to file an Amended Complaint without regard to the viability of any claims he proposes to make.[2]

In making that amendment, Plaintiff shall include any and all claims he wishes to present against Defendants, including any claims described in his Motion for Supplemental Complaint and his "Supplemental Complaint." Accordingly, the Court will deny Plaintiff's Motion for Supplemental Complaint as moot. In drafting his amended complaint, Plaintiff would be well-advised to consider carefully the arguments presented by Defendants in their various filings that identify apparent, serious defects in Plaintiff's allegations (including as highlighted by the Court in the Order denying preliminary injunctive relief). Plaintiff also should attempt to follow the applicable rules regarding the proper form

---

[2] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr.19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to Plaintiff's Motion to Amend Complaint.

for pleadings.  To assist Plaintiff in this regard, the Clerk will send Plaintiff copies of relevant rules and forms.

Given that Plaintiff will be permitted to amend his Complaint, the Court should not grant Defendants' Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's amendment may affect the proper disposition of the issues raised therein. Instead, the Court should deny said motion without prejudice to Defendants' right to re-submit it after Plaintiff has had an opportunity to amend his Complaint.  In light of this recommended disposition, to the extent necessary, the Court will deny Plaintiff's Motion to Strike Motion to Dismiss as moot.

Finally, because the Court has no part to play in any demand for settlement Plaintiff might make upon Defendants, to the extent Plaintiff's Demand Letter for Settlement seeks action by the Court, it is denied.

CONCLUSION

At the time he sought to do so, Plaintiff had the right to amend his Complaint without regard to the viability of any claim he might present via such amendment and thus the Court will grant his Motion to Amend Complaint.  Defendants' Motion to Dismiss for failure to state a claim under Rule 12(b)(6) therefore should be denied without prejudice to its re-submission after Plaintiff has the opportunity to file his Amended Complaint.  Other motions by Plaintiff are moot and/or require no court action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Docket Entry 10) is **GRANTED** and Plaintiff shall file his

Amended Complaint by November 1, 2010.  Plaintiff's Amended Complaint shall include any and all claims he wishes to present against Defendants, including any claims described in his original Complaint, his Motion for Supplemental Complaint, and his "Supplemental Complaint."  Petitioner should take care to follow applicable rules regarding the proper form and substance of a complaint, including particularly Rules 7-12, as well as Forms 1 and 2, of the Federal Rules of Civil Procedure and Rule 7.1 of this Court's Local Rules.  The Clerk shall send Plaintiff copies of the foregoing specified rules and forms.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Entry 5) be **DENIED**, but without prejudice to re-filing after Plaintiff has an opportunity to amend his Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Motion to Dismiss (Docket Entry 9) and Plaintiff's Motion for Supplemental Complaint (Docket Entry 11) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that, to the extent it requests action by the Court, Plaintiff's Demand Letter for Settlement (Docket Entry 14) is **DENIED**.

/s/ L. Patrick Auld<br>**L. Patrick Auld**<br>**United States Magistrate Judge**

October 1, 2010